UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THEODORE R. LAZIER,

    Plaintiff,

v.                                            Case No. 5:21-cv-163-TKW/MJF

COALINGA STATE HOSPITAL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's complaint. (Doc. 1). Because the Eastern District of California is the appropriate venue for this civil action, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Eastern District of California.[1]

### I. BACKGROUND

Plaintiff, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDC") confined at Graceville Correctional and Rehabilitation Center. Plaintiff names three defendants: Coalinga State Hospital ("CSH"), Lidcey M., and the Department of Police Services ("DPS").

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

From March 5, 2021 through June 17, 2021, Plaintiff was a civilly committed detainee at the CSH, which is located in Fresno County, California.

According to Plaintiff, on June 17, 2021, ten officers from the DPS "stormed" the CSH dayroom, detained Plaintiff, and escorted Plaintiff to discharge so that Plaintiff could be extradited to Florida to serve a 20-year term of imprisonment. (Doc. 1 ¶ 2). Despite Plaintiff's request to pack up his property and to obtain the money in his trust account, the DPS officers informed Plaintiff that his social worker, Lidcey M., would mail Plaintiff's property to Plaintiff. (*Id.*). Additionally, CSH staff provided Plaintiff a blank form that was a release of medical information. CSH staff indicated that if Plaintiff signed the form, it would allow them to send his property and money to Plaintiff.

Plaintiff has not received his property from CSH. Plaintiff's mother called CSH and spoke to Lidcey about Plaintiff's property. Lidcey explained that she needed Plaintiff's Florida Department of Corrections inmate number so that she could send Plaintiff's property, including Plaintiff's trust account funds, to Plaintiff.

Plaintiff asserts that the Defendants violated the Fourth Amendment of the United States Constitution because "there is absolutely no reason why they have kept my property and money when I am no longer a patient at CSH." (Doc. 1 at 8).

## II. DISCUSSION

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson*

*v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. In this case, Plaintiff asserts that the events giving rise to this case occurred at Coalinga State Hospital, the property that Plaintiff seeks to recover likely is located at Coalinga State Hospital, and that all of the Defendants reside at or near Coalinga, California. (Doc. 1 at 2-3). Coalinga located in the Eastern District of California. Thus, it is likely that any evidence relevant to this case is located in the Eastern District of California, including any witnesses. As the proper venue for this action is the Eastern District of California, it is in the interest of justice to transfer this case to that forum.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **TRANSFERRED** to the United States District Court for the Eastern District of California.

2. The clerk of the court close this file.

At Pensacola, Florida, this 17th day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**