# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE R. LAZIER,<br><br>Plaintiff,<br><br>v.<br><br>COALINGA STATE HOSPITAL, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-01362-BAM (PC)<br><br>ORDER DENYING MOTION FOR RELIEF FROM FILING FEE<br><br>(ECF No. 12)<br><br>ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Theodore R. Lazier ("Plaintiff") is a former civil detainee and current Florida state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 27, 2021, the Court screened the complaint and granted Plaintiff leave to file a first amended complaint within thirty days. (ECF No. 9.) Plaintiff's first amended complaint is currently due on or before November 1, 2021.

Currently before the Court is Plaintiff's "Motion for Defendants to reimburse Plaintiff for In Forma Pauperis Fee," filed October 26, 2021. (ECF No. 12.) Plaintiff requests that the Court order defendants as named in the amended complaint[1] to reimburse Plaintiff for the court filing fee in this action. Plaintiff states that the same day the amended complaint was to be mailed to Court, Plaintiff received his awaited property. Plaintiff argues that the complaint is not moot as

---

[1] The Court notes that as of the date of signing of this order, no amended complaint has been received.

1

civil rights violations still occurred that affected him.  Plaintiff states that he is willing to file a notice of voluntary dismissal if the Court orders defendants, or defendants agree, to reimburse Plaintiff for the *in forma pauperis* fee, as Plaintiff finds it unreasonable to have to pay court fees in order to get defendants to respond to him, to stop violating his civil rights, and to receive his own property.  (*Id.*)

First, Plaintiff is informed that the Court lacks jurisdiction to order Defendants to reimburse Plaintiff for payment of the filing fee.  As noted above, the original complaint was screened but found not to state a cognizable claim for relief, and no amended complaint has been filed.  Therefore, this action is not yet proceeding on a viable legal claim.  In addition, no defendants have been served, and the Court does not have personal jurisdiction over defendants or any other staff at Coalinga State Hospital to order the relief requested.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

As the Court lacks jurisdiction to order the specific relief requested, the Court will instead construe the motion as seeking relief from the filing fee in this action.

On September 15, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* in this action. (ECF No. 8.)  In that order, it was explained to Plaintiff that he was obligated to pay the statutory filing fee of $350.00 for this action, in monthly payments of twenty percent of the preceding month's income credited to his trust account.  (*Id.* at 2.)  The Warden of the Graceville Correctional & Rehabilitation Facility or his or her designee was ordered to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full.  (*Id.* (citing 28 U.S. § 1915(b)(2))).  The entire $350.00 filing fee is statutorily required, and must be collected from Plaintiff's institutional account regardless of the outcome of this action.  *See, e.g.*, *Myers v. Pulido*, No. 1:16-cv-00638-SAB-PC, 2016 WL 6723937, at *1 (E.D. Cal. Nov. 14, 2016).

Plaintiff is also reminded that when he completed his application to proceed *in forma pauperis*, he signed the application which states that "Pursuant to the Prison Litigation Reform

2

Act of 1995, 28 U.S.C. § 1915 (as amended), even if I am granted leave to proceed *in forma pauperis*, I must pay the entire $350.00 filing fee in full.  I AM OBLIGATED TO PAY THE ENTIRE $350.00 FILING FEE REGARDLESS OF THE DISPOSITION OF THIS CASE (including dismissal)."  (ECF No. 2, p. 3.)  Plaintiff's eligibility to proceed *in forma pauperis* has been established and Plaintiff has authorized the withdrawal of funds from his trust account for the purpose of payment of the filing fee, regardless of the disposition of his case.  Although Plaintiff may have received the property he was seeking and seek to voluntarily dismiss this action, Plaintiff has failed to demonstrate that any relief from the filing fee is warranted.

Plaintiff is free to file a notice of voluntary dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(i).  The Court will grant Plaintiff an extension of time for Plaintiff to receive this order and to allow Plaintiff time to submit his first amended complaint or a notice of voluntary dismissal.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for relief from filing fee, (ECF No. 12), is DENIED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    a. File an amended complaint curing the deficiencies identified by the Court in the September 27, 2021 screening order, (ECF No. 9), or
    b. File a notice of voluntary dismissal; and
3. **If Plaintiff fails to file an amended complaint in compliance with the September 27, 2021 screening order or a notice of voluntary dismissal, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 27, 2021**              /s/ *Barbara A. McAuliffe*              
                                                     UNITED STATES MAGISTRATE JUDGE

3