1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE R. LAZIER, | Case No.  1:21-cv-01362-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| COALINGA STATE HOSPITAL, *et al.*, | (ECF No. 14) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Theodore R. Lazier ("Plaintiff") is a former civil detainee and current Florida state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff initiated this action on August 12, 2021 in the United States District Court for the Northern District of Florida.  (ECF Nos. 1.)  The action was transferred to the Eastern District of California on September 13, 2021.  (ECF No. 6.) Plaintiff's complaint, filed on August 12, 2021, was screened, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on October 29, 2021, is currently before the court for screening.  (ECF No. 14.)

### I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at Graceville Correctional & Rehabilitation Facility in Graceville, Florida. The events in the complaint are alleged to have occurred while Plaintiff was housed at Coalinga State Hospital. Plaintiff names as defendants: (1)) Lidcey Magdalenoandrade, Unit 17 Social Worker, and (2) Brandon Price, Executive Director of the Department of State Hospitals.

In claim I, Plaintiff alleges a Due Process violation as follows.  From March 5, 2021 to June 17, 2021, Plaintiff was a civil detainee at the Coalinga State Hospital. On June 17, 2021, Plaintiff was unexpectedly handcuffed and detained by numerous Department of Police Services (DPS) officers who would not allow him to pack or obtain any of Plaintiff's property.  Plaintiff was escorted off of the premises and into the custody of agents waiting to extradite Plaintiff to the Florida Department of Corrections. The DPS officers kept repeating that his money and property

would be mailed to Plaintiff .

Unit #17 social worker, Defendant Lidcey M., also had previously told Plaintiff that it would be her responsibility to get Plaintiff's property should Plaintiff be discharged. When Plaintiff arrived in Florida, he wrote to DSH-C asking for his property and money, informing them of his location. Plaintiff's mom was told that Plaintiff's property had been mailed to Plaintiff's mom's address on July 1, 2021.

By August, the property had not been received, and Plaintiff's numerous requests for status were ignored. Plaintiff finally received his trust money from DSH-C on August 23, 2021, but still has not received his property. Defendant Brandon Price wrote to Plaintiff stating that Plaintiff's property had been sent to and received by Plaintiff's institution on August 5, 2021. The property officer at the current institution said that Plaintiff's property was not received.

Plaintiff alleges that "due to Brandon Price's deficient procedural policies at DSH-C," Plaintiff has been without his property and legal work for four months. Plaintiff was forced to file this 1983 case to stop his civil rights from being violated.

In claim 2, Plaintiff alleges as follows. In Plaintiff's property was Plaintiff's legal work. Plaintiff has legal work related to Plaintiff's Florida sentence that Plaintiff intended on challenging upon his arrival in the Florida Department of Corrections. Plaintiff was not allowed to get any of his legal work, per Defendant Brandon Price's policy, when Plaintiff was escorted off of the DSH-C premises. Plaintiff has been delayed in being able to challenge Plaintiff's Florida sentence in the Florida courts.

Plaintiff seeks an injunction to compel Brandon Price or Lidcey to get their stories straight, track his property/legal work and get the property to him. Plaintiff seeks reimbursement of the in forma pauperis fees.

### III.   Discussion

### A. Due Process

Plaintiff is complaining about a "confiscation" of his property in violation of his rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects against the deprivation of liberty and property without due process of law. *Wilkinson v. Austin*,

545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). In order to invoke the

protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty or

property interest for which the protection is sought. *Id*. Protected interests may arise from the Due

Process Clause itself or from state law. *Id.* The Ninth Circuit has not addressed the precise

standard to be applied to procedural due process claims brought by civil detainees; however, the

Ninth Circuit has found that "individuals detained under the SVPA must, at a minimum, be

afforded the rights afforded prisoners confined in a penal institution." *Hydrick*, 500 F.3d at 998.

District Courts have applied the same standards for prisoners to civil detainees. *See e.g.*, *Koch v.*

*King*, No. 1:15-cv-00438 SKO, 2017 WL 117790 (E.D. Cal. Jan. 11, 2017); *Cerniglia v. Price*,

No. 1:17-CV-00753 AWI JLT(PC), 2017 WL 4865452 (E.D. Cal. Oct. 27, 2017); *Allen v. King*,

No. 1:06-cv-01801-BLW-LMB, 2016 WL 4381288 (E.D. Cal. Aug. 16, 2016); *Smith v. Ahlin*,

No. 1:16-cv-00138-SKO (PC), 2016 WL 5943920 (E.D. Cal. Oct. 12, 2016); *Johnson v. Knapp*,

No. CV 02-9262-DSF (PJW), 2009 WL 764521, at *5-6 (C.D. Cal. Mar. 16, 2008).

Civil detainees have a protected interest in personal property. *Bell*, 441 U.S. at 554, 99

S.Ct. 1861 (The Due Process Clause provides protection for convicted prisoners and pretrial

detainees alike against the deprivation of their property without due process of law). In this

context, the Due Process Clause protects [Plaintiff] from being deprived of his property without

due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935

(1974). An authorized, intentional deprivation of property is actionable under the Due Process

Clause. However, a plaintiff has no due process claim based on an unauthorized deprivation of

property by a state employee, whether intentional or negligent, if a meaningful state post-

deprivation remedy for his loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct.

3194, 82 L.Ed.2d 393 (1984). California's tort claim process provides that adequate post-

deprivation remedy.[1] *Barnett v. Centoni*, 31 F.3d 813, 816– 17 (9th Cir. 1994) (citing Cal. Gov't

---

[1] The remedy is provided through California's Government Claims Act, Cal. Gov't Code § 810 et
seq. Under the Government Claims Act, prior to filing an action against a state entity or its
employees seeking money or damages, a plaintiff must timely file a notice of the claim with the
appropriate agency. See, e.g., Cal. Gov't Code § 905.2 (providing that claims for money or
damages against the state are to be filed with the Department of General Services except as
otherwise provided); Cal. Gov't Code § 910 (specifying information that must be included in a

4

Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Again, Plaintiff alleges that the denial of his property was unauthorized and intentional. Plaintiff's conclusory allegation that he has been denied his property due to Defendant Brandon Price's policy is insufficient. Plaintiff fails to identify what policy he is challenging. Indeed, it appears the officers escorted him out of the facility without letting him pack up his property, not due to any policy by Defendant Price. Plaintiff alleges that Defendant Price informed Plaintiff that the property had been mailed to him. Misdirected mail is not a constitutional violation. Therefore, because Plaintiff has an adequate post-deprivation remedy under California law, he fails to state a due process claim for the loss of the property that was improperly sent to him. Plaintiff has been unable to cure this deficiency.

Plaintiff also fails to show that any of the defendants' actions or failures to act caused the deprivation of which he complains. Although he alleges that he has not received his property, he does not allege any facts that show that these defendants actually caused the deprivation of his property.

### C.    First Amendment Claim

It appears that Plaintiff has added a new allegation potentially regarding access to courts. He alleges that the non-receipt of his legal property is "delaying" his ability to challenge Florida proceedings.

In the Court's screening order, Plaintiff was informed that, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. (ECF No. 9, p. 7.)

---

notice of claim); Cal. Gov't Code § 911.2 (setting forth time within which a claim must be presented).

In Plaintiff's first amended complaint, he has added new claims to the complaint in violation of the Court's order.

Nonetheless, the Court will screen the claim.  Prisoners have a First Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). Inmates have a "fundamental constitutional right of access to the courts." *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354 (citations omitted). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Id.* at 415; *Lewis*, 518 U.S. at 351. Additionally, to properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher*, 536 U.S. at 417-18 (footnote omitted).

Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944.

Plaintiff's conclusory allegations of delay in his ability to assert non-specific claims are insufficient to state a cognizable claim.  Plaintiff does not allege that he has been denied any right, but that he was "delayed."

///

6

**IV.    Conclusion and Order**

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __November 15, 2021__          ____/s/ Barbara A. McAuliffe____
                                        UNITED STATES MAGISTRATE JUDGE

7